1 | GREGORY P. GILMER, Bar No. 212067
*greg.gilmer@kleinthomaslaw.com*
2 | KRISTYN WONG, Bar No. 346644
*kristyn.wong@kleinthomaslaw.com*
3 | **KLEIN THOMAS LEE & FRESARD**
1920 Main Street, Suite 230
4 | Irvine, California 92614
Tel: (949) 676-4570
5 |
STEPHEN A. D'AUNOY (admitted *pro hac vice*)
6 | *stephen.daunoy@kleinthomaslaw.com*
THOMAS L. AZAR, JR. (admitted *pro hac vice*)
7 | *tom.azar@kleinthomaslaw.com*
**KLEIN THOMAS LEE & FRESARD**
8 | 100 N. Broadway, Suite 1600
St. Louis, MO 63102
9 | Tel: : (314) 888-2970

10 | *Attorneys for Defendant FCA US LLC*

11 | **UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

12 |

13 | FRANK BIEDERMAN, JOSEPH GAMBA, TREVOR WHITEHOUSE, GARY

14 | AGOSTINI, JEFFREY HETTINGER, JILL SCOTT, CARL ANDERS TROEDSSON,

15 | MICHAEL CAPPA, FRED CHAPMAN, and DUSTEN ACKER, on behalf of themselves and all others similarly situated,

16 |

17 |      Plaintiffs,

18 |   vs.

19 | FCA US LLC, a Delaware corporation, and CUMMINS INC., an Indiana corporation,

20 |      Defendants.

Case No. 3:23-cv-06640-JSC

**FCA US LLC'S REPLY IN SUPPORT IOF ITS MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

 **DATE:** January 16, 2025
**TIME:** 10:00 a.m.
**JUDGE:** Hon. Jacqueline Scott Corley
**COURTROOM:** 8

# TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................... iii

I.   INTRODUCTION ......................................................................................................... 1

II.  ARGUMENT .................................................................................................................. 1

    A.   The Clean Air Act ("CAA") and Energy Policy and Conservation Act ("EPCA") Preempt Plaintiffs' Misrepresentation Claims. ...................................... 1

        1.   The Energy Policy and Conservation Act .................................................. 1

        2.   The Clean Air Act ...................................................................................... 2

    B.   The Nationwide Fraudulent Concealment Claim (Count II) ................................... 3

        1.   Lack of Standing Under Rule 12(b)(1) ...................................................... 3

        2.   Failure To Specify Which State(s)' Laws Apply ....................................... 3

    C.   The Fraud-Based Claims (Counts III, IV, X, and XI) ........................................... 4

        1.   Rule 9(b) (All Claims) ............................................................................... 4

        2.   Reliance (Misrepresentation Claims) ......................................................... 5

        3.   Puffery (Misrepresentation Claims) ........................................................... 6

        4.   Duty to Disclose (Omission Claims) .......................................................... 7

        5.   No Pre-Sale Knowledge Allegations (All Claims) ..................................... 9

        6.   The California Unfair Competition Law ("UCL")  (Count X) ................... 10

    D.   The Express Warranty Claims (Counts V, VI, and IX) .......................................... 10

        1.   Failure to Allege Exact Terms of Warranties (Counts V, VI, IX) ............. 10

        2.   Failure to Allege Reliance Upon Warranties (Counts V, VI, IX) ............. 11

        3.   Failure to Repair/Conform (Counts V, VI and IX) .................................... 12

        4.   Failure to Plead Notice (Counts V) ............................................................ 13

    E.   The Implied Warranty Claims (Counts VII and VIII)............................................ 13

        1.   The Vehicles Are Merchantable (Counts VII and VIII)............................. 13

        2.   No Privity (Counts VII and VIII) ............................................................... 14

        3.   Failure to Plead Notice (Count VII) ........................................................... 15

i

F.      The Unjust Enrichment Claim (Count XI) ................................................................. 15

III.   CONCLUSION ........................................................................................................... 15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FCA US LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**
**PLAINTIFFS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

1

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alcon Ent., LLC v. Automobiles Peugeot SA*,
    2020 WL 8365247 (C.D.Cal. 2020) ........................................................................ 5

*Alves v. Mercedes-Benz USA, LLC*,
    2023 WL 5207492 (C.D.Cal. 2023) ...................................................................... 13

*Antonyan v. Ford Motor Co.*,
    2022 WL 1299964 (C.D.Cal. 2022) ........................................................................ 7

*Arakelian v. Mercedes-Benz USA, LLC*,
    2018 WL 6422649 (C.D.Cal. 2018) ................................................................. 12, 13

*Arizona v. United States*,
    567 U.S. 387 (2012) ................................................................................................. 3

*Banh v. Am. Honda Motor Co., Inc.*,
    2019 WL 8683361 (C.D.Cal. 2019) ...................................................................... 13

*Benipayo v. Volkswagen Grp. of Am., Inc.*,
    2020 WL 553884 (N.D.Cal. 2020) .................................................................... 13, 14

*Benkle v. Ford Motor Co.*,
    2017 WL 9486154 (C.D.Cal. 2017) ................................................................. 12, 13

*Bledsoe v. FCA US LLC*,
    2024 WL 445334 (E.D.Mich. 2024) ........................................................................ 2

*Casey v. Gen. Motors, LLC*,
    2021 WL 5417041 (S.D.Cal. 2021) ....................................................................... 10

*Cho v. Hyundai Motor Co., Ltd.*,
    636 F.Supp.3d 1149 (C.D.Cal. 2022) ................................................................ 11, 12

*Cimoli v. Alacer Corp.*,
    546 F.Supp.3d 897 (N.D.Cal. 2021) ........................................................................ 4

*Clemens v. DaimlerChrysler Corp.*,
    534 F.3d 1017 (9th Cir. 2008) ............................................................................... 14

*Collins v. Gamestop Corp.*,
    2010 WL 3077671 (N.D.Cal. 2010) ........................................................................ 4

*Corbett v. Pharmacare U.S., Inc.*,
    544 F.Supp.3d 996 (S.D.Cal. 2021) ...................................................................... 14

iii

*Counts v. Gen. Motors, LLC*,
    681 F.Supp.3d 778 (E.D.Mich. 2023) ........................................................................ 2

*Curley v. Gen. Motors LLC*,
    2019 WL 4316260 (S.D.Cal. 2019) ........................................................................... 5

*de Lozano v. Nissan N. Am., Inc.*,
    2023 WL 3432240 (C.D.Cal. 2023) ........................................................................... 5

*Dep't of Water Res. v. Sunrise Power Co., LLC*,
    2019 WL 5688988 (Cal.App. 2019) (3d) .................................................................. 15

*Engine Mfrs. Ass'n v. U.S. E.P.A.*,
    88 F.3d 1075 (D.C.Cir. 1996) ................................................................................... 3

*Fenner v. Gen. Motors, LLC*,
    2024 WL 3886692 (6th Cir. 2024) ........................................................................... 2

*Finney v. Ford Motor Co.*,
    2018 WL 2552266, (N.D.Cal. 2018) ......................................................................... 6

*Gertz v. Toyota Motor Corp.*,
    2011 WL 3681647 (C.D.Cal. 2011) ......................................................................... 12

*Gilbert Fin. Corp. v. Steelform Contracting Co.*,
    82 Cal.App.3d 65 (Cal.App. 1978) .......................................................................... 14

*Gonzalez v. Mazda Motor Corp.*,
    2017 WL 345878 (N.D.Cal. 2017) .......................................................................... 14

*Gonzalez v. Proctor & Gamble Co.*,
    247 F.R.D. 616 (S.D.Cal. 2007) ............................................................................... 5

*Graham v. Cent. Garden & Pet Co.*,
    2023 WL 2744391 (N.D.Cal. 2023) .......................................................................... 6

*Hammerling v. Google LLC*,
    615 F.Supp.3d 1069 (N.D.Cal. 2022) ....................................................................... 8

*Hammerling v. Google, LLC*,
    2024 WL 937247 (9th Cir. 2024) ............................................................................ 15

*Hastings v. Ford Motor Co.*,
    495 F.Supp.3d 919 (S.D.Cal. 2020) ........................................................................ 11

*Hindsman v. Gen. Motors LLC*,
    2018 WL 2463113 (N.D.Cal. 2018) .......................................................................... 8

*Hinjos v. Kohl's Corp.*,
    718 F.3d 1098 (9th Cir. 2013) .................................................................................. 7

*Hodsdon v. Mars, Inc.*,
    891 F.3d 857 (9th Cir. 2018) .................................................................................... 7

*Ikeda v. Baidu, Inc.*,
    2021 WL 1299046 (N.D.Cal. 2021) ........................................................................ 2

*In re Caterpillar*,
    2015 WL 4591236 (D.N.J. 2015) ............................................................................ 3

*In re Chrysler-Dodge-Jeep Ecodiesel Marketing, Sales Practices, & Prods. Liab. Litig.*,
    295 F.Supp.3d 927 (N.D.Cal. 2018) ...................................................................... 10

*In re Ford Motor Co. F-150 & Ranger Truck Fuel Econ. Mktg. & Sales Pracs. Litig.*,
    65 F.4th 851 (6th Cir. 2023) ................................................................................... 2

*In re Glumetza Antitrust Litig.*,
    611 F.Supp.3d 848 (N.D.Cal. 2020) ...................................................................... 3

*In re Hard Disk Drive Suspension Assemblies Antitrust Litig.*,
    2020 WL 6270948 (N.D.Cal. 2020) ....................................................................... 3

*In re JUUL Labs, Inc., Mktg., Sales Pracs., & Prods. Liab. Litig.*,
    533 F.Supp.3d 858 (N.D.Cal. 2021) ...................................................................... 3

*In re MyFord Touch Consumer Litig.*,
    46 F.Supp.3d 936 (N.D.Cal. 2014) ...................................................................... 12

*In re Nexus 6P Prods. Liab. Litig.* ("*Nexus*"),
    293 F.Supp.3d 888 (N.D.Cal. 2018) .................................................................... 11

*In re Seagate Tech. LLC Litig.*,
    233 F.Supp.3d 776 (N.D.Cal. 2017) .................................................................... 14

*In re ZF-TRW ACU Prods. Liab. Litig.*,
    601 F.Supp.3d 625 (C.D.Cal. 2022) .................................................................... 13

*Johnson v. Nissan N. Am., Inc.*,
    2018 WL 905850 (N.D.Cal. 2018) ...................................................................... 12

*Johnson v. Trumpet Behav. Health, LLC*,
    2022 WL 74163 (N.D.Cal. 2022) ......................................................................... 10

*Jones v. Micron Tech. Inc.*,
    400 F.Supp.3d 897 (N.D.Cal. 2019) ...................................................................... 3

*Kargar v. BMW of N. Am., LLC*,
    2024 WL 3915218 (C.D.Cal. 2024) ..................................................................... 11

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ................................................................................ 4

*Knowles v. ARRIS Int'l PLC*,
    847 Fed.App'x 512 (9th Cir. 2021) .................................................................. 8

*Lomeli v. Jackson Hewitt, Inc.*,
    2018 WL 1010268 (C.D.Cal. 2018) ............................................................... 15

*MacDougall v. Am. Honda Motor Co.*, Inc.,
    2023 WL 9687349 (C.D.Cal. 2023) ............................................................... 13

*Mandani v. Volkswagen Grp. of Am., Inc.*,
    2019 WL 652867 (N.D.Cal. 2019) ................................................................ 14

*May v. Google LLC*,
    2024 WL 4681604 (N.D.Cal. 2024) ............................................................... 10

*Melenrdes v. Arpaio*,
    784 F.3d 1254 (9th Cir. 2015) ........................................................................ 3

*Milman v. FCA U.S., LLC*,
    2019 WL 3334612 (C.D.Cal. 2019) ............................................................... 10

*Moore v. EO Prod., LLC*,
    2023 WL 6391480 (N.D.Cal. 2023) ................................................................. 4

*Moores v. Irish Beach Water Dist.*,
    2021 WL 5577152 (Cal.App. 2021) (1st) ....................................................... 15

*Neu v. FCA US LLC*,
    2023 WL 10406710 (C.D.Cal. 2023) .............................................................. 15

*Pereda v. Gen. Motors LLC*,
    2022 WL 19975388 (N.D.Cal. 2022) ........................................................ 12, 13

*Phan v. Sargento Foods, Inc.*,
    2021 WL 2224260 (N.D.Cal. 2021) ................................................................. 3

*Poulos v. Caesars World, Inc.*,
    379 F.3d 654 (9th Cir. 2004) .......................................................................... 6

*Quackenbush v. Am. Honda Motor Co., Inc.*,
    2023 WL 187491 (N.D.Cal. 2023) ................................................................ 14

*Regueiro v. FCA US, LLC*,
    671 F.Supp.3d 1085 (C.D.Cal. 2023) ............................................................ 10

*Rigo Amavizca v. Nutra Mfg., LLC*,
    2021 WL 682113 (C.D.Cal. 2021) ................................................................... 4

*Riley v. Volkswagen Grp. of Am., Inc.*,
    2022 WL 17829997 (9th Cir. 2022) ............................................................... 14

FCA US LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFFS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

*Rodas v. Porsche N. Am., Inc.*,
    2015 WL 12762064 (C.D.Cal. 2015) ............................................................. 4

*Rojas-Lozano v. Google, Inc.*,
    159 F.Supp.3d 1101 (N.D.Cal. 2016) ........................................................... 7

*Rutherford Holdings, LLC v. Plaza Del Rey*,
    166 Cal.Rptr.3d 864 (Cal.App. 2014) (6th) ............................................... 15

*Shay v. Apple Inc.*,
    2021 WL 1733385 (S.D.Cal. 2021) ............................................................. 14

*Smith v. Intel Corp.*,
    2024 WL 3834706 (N.D.Cal. 2024) ........................................................... 14

*Soo v. Lorex Corp.*,
    2020 WL 5408117 (N.D.Cal. 2020) ............................................................. 3

*Stewart v. Electrolux Home Prods., Inc.*,
    304 F.Supp.3d 894 (E.D.Cal. 2018) .......................................................... 14

*Swearingen v. Amazon Pres. Partners, Inc.*,
    2014 WL 3934000 (N.D.Cal. 2014) ........................................................... 13

*Takeya USA Corp. v. PowerPlay Mktg. Grp., LLC*,
    2022 WL 17357781 (C.D.Cal. 2022) .......................................................... 15

*Tomek v. Apple, Inc.*,
    2013 WL 3872774 (E.D.Cal. 2013) .............................................................. 9

*Vallarta v. United Airlines, Inc.*,
    497 F.Supp.3d 790 (N.D.Cal. 2020) ............................................................. 7

*Vidana v. Gen. Motors LLC*,
    2024 WL 1680064 (C.D.Cal. 2024) .............................................................. 5

*Watkins v. MGA Ent., Inc.*,
    574 F.Supp.3d 747 (N.D.Cal. 2021) ........................................................... 14

*Williams v. Yamaha Motor Corp., U.S.A.*,
    2015 WL 13626022 (C.D.Cal. 2015) .......................................................... 14

*Xavier v. Philip Morris USA Inc.*,
    787 F. Supp. 2d 1075 (N.D.Cal. 2011) ...................................................... 14

*Zwerling v. Ford Motor Co.*,
    2024 WL 37220 (N.D.Cal. 2024) ................................................................. 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Statutes**

Clean Air Act (CAA) ................................................................................................ 2, 3

Energy Policy and Conservation Act (EPCA) ........................................................... 1, 2

Song-Beverly Consumer Warranty Act

Uniform Commerical Code (UCC) ................................................................................ 13

California Unfair Competition Law (UCL) ................................................................... 10

**Other Authorities**

BLACK'S LAW DICTIONARY (12th ed. 2024) ................................................................. 7

**Rules**

Rule 8 ........................................................................................................................... 4

Rule 9(b) .......................................................................................................... 4, 5, 6, 15

Rule 12(b)(1) ................................................................................................................. 3

Rule 12(b)(6) ............................................................................................................. 1, 4

**Regulations**

13 C.F.R. § 121.201 ..................................................................................................... 1

49 C.F.R. § 535.3(e)(2)(ii)(A) ..................................................................................... 1

**FCA US LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFFS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

1

# I. **INTRODUCTION**[1]

2

In their Opposition, Plaintiffs ignore FCA US's arguments, stretch their allegations, and

3

misrepresent outlier cases as announcing a "majority" rule of law.  Where Plaintiffs can do nothing

4

but concede that the law requires dismissal of their claims, they try to invoke "exceptions" courts

5

either do not recognize or that Plaintiffs do not adequately plead.  None of these tactics save

6

Plaintiffs' claims from dismissal on preemption grounds or under Rule 12(b)(6).

7

# II. **ARGUMENT**

8
9

**A.    The Clean Air Act ("CAA") and Energy Policy and Conservation Act ("EPCA")
Preempt Plaintiffs' Misrepresentation Claims.**

10

### *1.    The Energy Policy and Conservation Act*

11

Plaintiffs say the EPCA does not preempt some of their claims because "the EPCA has nothing

12

to do with this case."  They offer two reasons, but neither have merit.  *First*, Plaintiffs argue the EPCA

13

"governs fuel economy testing" but that "this case does not implicate the fuel economy claims on the

14

Monroney label."  Pl. Opp., p. 2.  This is not true.  Plaintiffs predicate their claims on allegations

15

trucks' "***labeling*** fails to disclose … that they are defective" insofar as they will require "an emissions

16

recall [that will] decrease[] … fuel economy" relative to that stated on the Monroney label.  CAC, ¶¶

17

9, 342.  Thus, this case directly implicates Monroney label fuel economy claims.

18

*Second*, Plaintiffs suggest the trucks are exempt from the EPCA because they (i) weigh over

19

8,500 pounds and (ii) are "heavy duty trucks."  Pl. Opp., p. 2.  But, Plaintiffs never actually plead the

20

weight of the Class Trucks.  *See*, *generally*, CAC.  And, the applicable regulation shows the "heavy

21

duty" exemption applies ***only*** to "[s]mall business manufacturers."  49 C.F.R. § 535.3(e)(2)(ii)(A).

22

Plaintiffs never allege FCA US is a "small business manufacturer."  *See*, *generally*, CAC.  And,

23

indeed, it is not. *See* 13 C.F.R. § 121.201 (defining small business vehicle manufacturers as having

24

---

25
26
27
28

[1]"Mot." refers to FCA US LLC's Notice of Motion and Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint; Memorandum of Points and Authorities in Support, ECF #78. "Cummins Mot." refers to Defendant Cummins Inc.'s Motion to Dismiss Consolidated Class Action Complaint, ECF #80.  "Pl. Opp." refers to Plaintiffs' Opposition to Defendant FCA US's Motion To Dismiss Plaintiff's Consolidated Amended Class Action Complaint, ECF #82.  Finally, "Cummins Reply" refers to Defendant Cummins Inc.'s Reply in Support of Motion to Dismiss Consolidated Amended Class Action Complaint (contemporaneously filed).

1   fewer than 1,500 employees).  Accordingly, the EPCA preempts state-law consumer claims

2   regarding fuel economy/emission misrepresentations, like those here.  *See In re Ford Motor Co. F-*

3   *150 & Ranger Truck Fuel Econ. Mktg. & Sales Pracs. Litig.*, 65 F.4th 851, 860 (6th Cir. 2023) ("*Ford*

4   *Motor*") (finding "plaintiffs' claims inevitably conflict with the EPCA and its regulatory scheme"

5   and affirming district court's preemption finding (footnotes, subsequent proceedings omitted)).

6   Plaintiffs cannot avoid dismissal by ignoring their own "labelling" allegations or invoking

7   exceptions that are clearly inapplicable.  Pl. Opp., pp. 2-7.[2]  Thus, Plaintiffs' misrepresentation-

8   based claims should be dismissed as preempted.  *See* Mot., pp. 5-9.

9          **2.    The Clean Air Act**[3]

10  *Express Preemption*: Plaintiffs argue express preemption does not apply because there is a

11  distinction between "*misrepresentations to consumers*" and "enforcement of emissions standards."

12  Pl. Opp., p. 3.  But, as Cummins points out in its motion and reply, this is an artificial distinction

13  that does nothing to defeat express preemption.  *See* Cummins Mot., pp. 18-22 (distinguishing

14  cases); Cummins Reply, pp. 13-15 (same).

15  *Implied Preemption*: Similarly, Plaintiffs try to avoid implied preemption by arguing a

16  distinction between "deceit" and "attempting to directly to enforce the CAA."  Pl. Opp., p. 5 (citation

17  omitted).  But as Cummins explained, this artificial distinction does nothing to defeat preemption.  *See*

18  *supra.*  The fact that multiple courts have dismissed similar state law claims on implied preemption

19  grounds only confirms this notion.  *See Bledsoe v. FCA US LLC*, 2024 WL 445334, *8 (E.D.Mich.

20  2024); *Counts v. Gen. Motors, LLC*, 681 F.Supp.3d 778, 784 (E.D.Mich. 2023); Note 2, *supra.*[4]

21         Plaintiffs also argue that allowing their state-law claims to proceed will not lead to varying

22  jury verdicts that risk subsequent conflict with federal and state agency determinations, because "the

23

24  ————————————
    [2]Plaintiffs raised, and thus put at issue, in *Ford Motor*'s holding that **EPCA**'s "implied

25  preemption dispose[d] of [that] case entirely."  Pl. Opp., p. 4 n.4 (citation omitted).
    [3]Plaintiffs largely ignore FCA US's CARB preemption arguments (*compare* Mot., pp. 8-9, *with* Pl.

26  Opp., pp. 5-7) and thus waive opposition.  *Ikeda v. Baidu, Inc.*, 2021 WL 1299046, *7 (N.D.Cal. 2021).
    [4]While *Fenner v. Gen. Motors, LLC*, 2024 WL 3886692 (6th Cir. 2024) declined to dismiss state

27  law claims on preemption grounds, it held that, where claims "depend ***entirely*** upon a CAA violation

28  … [they] are preempted."  *Id.* at *6 (emphasis added).  Such is the case here.  *See* Cummins Reply,
    pp. 12-14.

1   EPA and CARB already concluded that Defendants had in fact installed illegal defeat devices." Pl.

2   Opp., p. 6 (no citations). But claims like those Plaintiffs bring here would permit different juries in

3   different states to decide whether simply selling a non-compliant vehicle for consumers to purchase

4   is sufficient for a consumer protection claim under each state's law—precisely the sort of "'anarchic

5   patchwork of federal and state regulatory programs'" that Section 209(a) is designed to prevent.

6   *Engine Mfrs. Ass'n v. U.S. E.P.A.*, 88 F.3d 1075, 1079 (D.C.Cir. 1996) (citation omitted).

7          *Field Preemption*: The CAA also field preempts certain of Plaintiffs' claims. Plaintiffs argue

8   the CAA's savings clause suggests otherwise (Pl. Opp., pp. 3-4), but *In re Caterpillar*, 2015 WL

9   4591236 (D.N.J. 2015) made clear that the savings clause "[did] not … preclude [consumer fraud]

10  claims that do ***not*** relate to adoption or enforcement of emissions standards." *Id.* at **14-15 (finding

11  preemption inapplicable because the claims "[were] not premised on non-compliance"). Here,

12  Plaintiffs' claims ***do*** relate to the adoption/enforcement of "emissions standards enforcement" (*see*

13  *supra*), meaning field preemption applies, and "even complementary state regulation is

14  impermissible." *Arizona v. United States*, 567 U.S. 387, 401 (2012).

15  **B.     The Nationwide Fraudulent Concealment Claim (Count II)**

16       ***1.     Lack of Standing Under Rule 12(b)(1)***

17          Plaintiffs lack standing to assert claims on behalf of a nationwide class. FCA US "ignored"

18  *Melenrdes v. Arpaio*, 784 F.3d 1254 (9th Cir. 2015) because it does not apply. *See Soo v. Lorex*

19  *Corp.*, 2020 WL 5408117, **10-11 (N.D.Cal. 2020) (***Corley, J.***) (finding *Melendres* inapplicable

20  and dismissing nationwide claim at pleading stage); *see also* Cummins Reply, pp. 8-10. Plaintiffs

21  present no reason for this Court to deviate from its prior holding or the numerous cases in accord.[5]

22       ***2.     Failure To Specify Which State(s)' Laws Apply***

23          Plaintiffs admit they must "specify under which state(s) law(s) they purport to proceed" but

24  argue they satisfy their pleading burden by bringing a "nationwide" claim and "seeking relief under the

25

26       [5]*See, e.g., In re JUUL Labs, Inc., Mktg., Sales Pracs., & Prods. Liab. Litig.*, 533 F.Supp.3d 858,
     881 (N.D.Cal. 2021); *Phan v. Sargento Foods, Inc.*, 2021 WL 2224260, *12-13 (N.D.Cal. 2021); *In re*
27   *Glumetza Antitrust Litig.*, 611 F.Supp.3d 848, 866-67 (N.D.Cal. 2020)*; In re Hard Disk Drive*
     *Suspension Assemblies Antitrust Litig.*, 2020 WL 6270948, *3 (N.D.Cal. 2020); *Jones v. Micron*
28   *Tech. Inc.*, 400 F.Supp.3d 897, 908-11 (N.D.Cal. 2019).

laws of all 50 states." Pl. Opp., pp. 7-8. Not so. Where a plaintiff "does not specify which state law [a nationwide claim is] being brought under, [such claim] must therefore be dismissed." *See Moore v. EO Prod., LLC*, 2023 WL 6391480, *9 (N.D.Cal. 2023) (citations omitted); Cummins Reply, p. 10.[6]

### C.     The Fraud-Based Claims (Counts III, IV, X, and XI)

#### 1.     Rule 9(b) (All Claims)

Plaintiffs' fraud claims fail because Plaintiffs "do not plead [] which Defendant made which misrepresentations…" or "concealed which facts." Mot., p. 11, 12 (citations omitted). Plaintiffs entirely ignore this argument with respect to the misrepresentation-based claims (Pl. Opp., pp. 8-10) and thus waive response (*see* Note 3, *supra*). And, while they acknowledge the argument with respect to the omission-based claims, Plaintiffs never actually argue the requirement does not apply or that they have satisfied it. Pl. Opp., pp. 13-14. All they do is assert that "[their] allegations about FCA [US]'s omissions and concealment are clear." *Id.* at p. 13. But, these "clear" allegations refer to (1) "Defendants" (without distinguishing between FCA US and Cummins); (2) "Cummins" (without mentioning FCA US); or (3) neither. CAC, ¶¶ 1, 8, 9, 46, 106-08, 114-15, 119, 123, 125, 132-46, 267. These shortcomings alone warrant dismissal on Rule 9(b) grounds. *See* Mot., pp. 10-12. Nevertheless, Plaintiffs allegations are deficient for the additional reasons that follow.

*"When"(Misrepresentations)*: Each Named Plaintiff offers the same verbatim allegation he encountered misrepresentations sometime "[b]efore purchasing his [or her] Class Truck." Mot., pp. 2-3. This is not enough. *See Rodas v. Porsche N. Am., Inc.*, 2015 WL 12762064, *10 (C.D.Cal. 2015) ("when" not pled under Rule 9(b), or Rule 8, where complaint alleged only that "'Plaintiff … relied on the representations made by Porsche ***prior to purchasing [his vehicle]***.'" (emphasis added) (citation omitted)); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (same).

*"Who," "Where," "How" (Misrepresentations)*: Plaintiffs allegedly saw misrepresentations

---

[6]Plaintiffs' cases are inapposite. *Collins v. Gamestop Corp.*, 2010 WL 3077671, **2-4 (N.D.Cal. 2010) and *Cimoli v. Alacer Corp.*, 546 F.Supp.3d 897, 902 (N.D.Cal. 2021) specified which state law applied and involved entirely different disputes. And, *Rigo Amavizca v. Nutra Mfg., LLC*—which involved a choice-of-law analysis at class certification, not a Rule 12(b)(6) challenge at the pleadings stage—***denied*** certification on predominance grounds because "the claims … would be governed by conflicting laws from numerous states." 2021 WL 682113, *11 (C.D.Cal. 2021).

1   via "Defendants' websites"; "brochures"; and from dealer salespeople. Pl. Opp., p. 9.[7] But, Plaintiffs

2   "do[] not allege the name of the website[s], when [they were] accessed, [] what these advertisements

3   were, … who the dealer was, what the representations were, or in what way this dealer might be

4   connected to [FCA US]." *Curley v. Gen. Motors LLC*, 2019 WL 4316260, *2 (S.D.Cal. 2019)

5   (citations omitted). Thus, they do not satisfy Rule 9(b). *Id.*[8]

6   _Representative Samples (both)_: Both misrepresentation **and** omission claims require that a

7   plaintiff provide representative samples. Mot., pp. 11-12. Plaintiffs argue they did so with respect

8   to their misrepresentation claims, but fail to specify if these sample representations were made to the

9   general public or to them specifically. *See* Pl. Opp., p. 9. This alone warrants dismissal. *See de*

10  *Lozano v. Nissan N. Am., Inc.*, 2023 WL 3432240, *3 (C.D.Cal. 2023) (dismissing under Rule 9(b)

11  because "Plaintiff [] include[d] excerpts of other marketing materials" but "[did] not allege that she

12  reviewed and relied on them prior to purchasing the Vehicle"). And, Plaintiffs entirely ignore

13  FCA US's argument as to their omission-based claims. *Compare* Mot., p. 11, *with* Pl. Opp., pp. 13-

14  14. They thus waive any response. *See* Note 3, *supra*.

15      **2.    Reliance (Misrepresentation Claims)**

16      Plaintiffs admit they do not allege reliance but argue the Court may presume it because

17  (1) they pled they "would have acted differently" in "the absence of a misrepresentation" and (2)

18  "[the] misrepresentation[s] [are] material." Pl. Opp., p. 10.[9] But "the Ninth Circuit has stated that

19  the presumption of reliance typically is only permitted in securities fraud cases, and only in cases

20  based on omissions as opposed to affirmative misrepresentations." *Gonzalez v. Proctor & Gamble*

21  *Co.*, 247 F.R.D. 616, 623 (S.D.Cal. 2007) (citing *Poulos v. Caesars World, In*c., 379 F.3d 654, 664-

22

---

23  [7]Plaintiffs also point to statements "in trade magazines" and "online videos" but never allege
24  these were made by FCA US, or that FCA US made such representations to third-parties with the
    intent that those parties repeat them. Pl. Opp., p. 9. For this reason, they are not actionable. *See*
    *Alcon Ent., LLC v. Automobiles Peugeot SA*, 2020 WL 8365247, *11 (C.D.Cal. 2020).

25  [8]*See also Vidana v. Gen. Motors LLC*, 2024 WL 1680064, *3 (C.D.Cal. 2024) (dismissing under
26  Rule 9(b) because plaintiff "[did] not allege where she saw [misrepresentations] in the materials[,]
    [] how which materials she reviewed made this representation[,] … who prepared the materials on
    behalf of Defendant[,] or how she obtained such materials").

27  [9]This is one exception, not two. A misrepresentation is material if it would have altered consumer
28  behavior. *See* § II.C.4, *infra*.

1  68 (9th Cir. 2004)). Plaintiffs' misrepresentation claims are neither.  Even so, their conclusory

2  materiality allegations are insufficient to invoke the presumption.  *See* § II.C.4, *infra*.[10]

3  ### 3.     Puffery (Misrepresentation Claims)

4  FCA US argued the alleged representations about trucks' SCR and DEF systems and fuel

5  economy are puffery (Mot., p. 13), but Plaintiffs say they are not because they "relate to specific

6  functions and capabilities" (Pl. Opp., pp. 11-12).  In support, they cite a case about a "Cat Calming

7  Kit" (*Graham v. Cent. Garden & Pet Co*., 2023 WL 2744391, *3 (N.D.Cal. 2023)) and ignore on-

8  point authority from this District (and others) holding similar representations about "clean diesel,"

9  "emissions performance," and "fuel economy" *are* puffery.  *Compare* Mot., p. 13, *with* Pl. Opp., pp.

10  11-12; *see also* Cummins Reply, pp. 11-12 (citing cases).  The more analogous cases control.

11  FCA US also argued the "Best in Class" claims are puffery.  Mot., p. 13.  Plaintiffs disagree

12  but cite no authority in support.  *See* Pl. Opp., p. 12.  And, the law undermines their argument.  *See*

13  *Zwerling v. Ford Motor Co*., 2024 WL 37220, *5 (N.D.Cal. 2024) ("The Court joins numerous other

14  district courts across the country in finding that 'best in class' in advertising material is nonactionable

15  puffery." (citing cases)); *Finney v. Ford Motor Co*., 2018 WL 2552266, *1, 8 (N.D.Cal. 2018) (same).

16  Finally, Plaintiffs say that they *have* identified what is false and/or misleading about certain

17  of FCA US's representations.  Pl. Opp., pp. 12-13.[11]  They have not.

18  *"DEF Consumption"*:  Plaintiffs argue FCA US's representations about "DEF consumption"

19  were deceptive because they promised "low cost of ownership," but the Class Trucks consumed

20  more DEF than advertised and thus failed to deliver savings.  *Id.* at p. 12.  Yet, the CAC makes clear

21  that DEF consumption, and thus ownership cost, increased only *after* the emissions recall.  *See*, *e.g.*,

22  CAC, ¶¶ 140-41.  Thus, there was nothing false about FCA US's representations *at the time of sale*.

23  *"Pollution Levels"*:   Similarly, Plaintiffs argue FCA US's representations regarding

24  "pollution levels" were deceptive because "EPA and CARB have *since* shown that [they] … are

---

26  [10]Plaintiffs argue FCA US's cases are "inapposite" because plaintiffs there did not allege what representations they encountered, or that they relied upon them.  Pl. Opp., p. 10 n.12.  But that is precisely what Plaintiffs do here.  *See* Mot., pp. 10-12, 13-14.

27  [11]While this is a Rule 9(b) argument (Mot., p. 11), Plaintiffs address it in their puffery section (Pl. Opp., pp. 12-13), so FCA US does as well.

false." Pl. Opp., p. 13 (emphasis added).  But, Plaintiffs have pled no facts showing FCA US knew such statements were false *at the time of sale*, which is the relevant inquiry.  *Antonyan v. Ford Motor Co*., 2022 WL 1299964, *4 n.6 (C.D.Cal. 2022).  Thus, the Court should dismiss the misrepresentation-based claims to the extent they are predicated on these two "misrepresentations."

### 4. *Duty to Disclose (Omission Claims)*

Plaintiffs fail to plead the materiality, effect on central function, and *LiMandri* factors necessary to trigger a duty to disclose and sustain an omission-based claim under California law.

<u>*Materiality*</u>:[12]   Plaintiffs argue the omissions "were material because 'had the omitted information been disclosed, [they] would have been aware of it and behaved differently.'"  Pl. Opp., p. 15.  Or, in other words, the omissions were material because they were material.  *See* BLACK'S LAW DICTIONARY, *Material* (12th ed. 2024) (defining "material" as "[o]f such a nature that knowledge of the item would affect a person's decision-making …").  This is not enough.  *See Vallarta v. United Airlines, Inc*., 497 F.Supp.3d 790, 809 (N.D.Cal. 2020) (dismissing where "Plaintiffs make no effort … to explain *why* [the omission] … would be material" (emphasis added)).

<u>*Central Function*</u>:  Plaintiffs argue the "central function" requirement does not apply to "'partial misrepresentation' claims."  Pl. Opp., p. 15.  But, as the Ninth Circuit explained in *Hodsdon v. Mars, Inc*., 891 F.3d 857 (9th Cir. 2018), while some "partial misrepresentation case[s] … [did not] mention[] the 'central functionality test,'" their "facts [were still] consistent with requiring that the alleged defect be physical and *important to the product's function*." (emphasis added)).  891 F.3d at 863 nn.3-4.

Plaintiffs contend their allegations that the trucks emitted "excessive pollution" and could not by "legally operate[d]" implicate "central function."  Pl. Opp., p. 15.  But, a product must be "incapable of use by any consumer" in order for the purported defect to affect a product's "central function."  *See* Mot., p. 15 (citing cases).  Neither of Plaintiffs' cited cases suggest otherwise; in

---

[12]Plaintiffs argue the materiality of a *misrepresentation* should not be decided at the pleadings stage.  Pl. Opp., p. 15 (citing *Hinjos v. Kohl's Corp*., 718 F.3d 1098, 1107 n.7 (9th Cir. 2013)).  But the footnote they cite is *dicta*, as shown by the post-*Hinjos* cases from this District that continue to dismiss claims at the pleadings stage for failure to adequately allege materiality.  *See*, *e.g.*, *Rojas-Lozano v. Google, Inc*., 159 F.Supp.3d 1101, 1113 (N.D.Cal. 2016).

fact, both reiterate that this is the test. *See Knowles v. ARRIS Int'l PLC*, 847 Fed.App'x 512, 514 n.1 (9th Cir. 2021) ("[D]isclosure [is] required … [where] the identified defects 'render[s] those products incapable of use by any consumer.'" (citations omitted)); *Hammerling v. Google LLC*, 615 F.Supp.3d 1069, 1086 (N.D.Cal. 2022) ("the question is [whether] the alleged defect … render[s] the product 'incapable of use.'") (cited in Pl. Opp., pp. 15-16)); *see also* § II.E.1, *infra*.

*LiMandri Factors*:  Plaintiffs do not claim they had a fiduciary-like relationship with FCA US.  Pl. Opp., p. 16.  And, they direct the Court to other sections of their Opposition for arguments about "exclusive knowledge" and "partial misleading representations." *Id.* at pp. 16-18. FCA US addresses both points elsewhere herein. *See* § II.C.1, *supra*; § II.C.5, *infra*.  This leaves only "active concealment," which Plaintiffs have clearly failed to plead.

*First*, Plaintiffs offer precisely the sort of "bare legal conclusions" that FCA US explained do not suffice. *Compare* Pl. Opp., p. 16 (citing CAC, ¶¶ 187, 229, 240, 247, 249), *with* Mot., p. 15.

*Second*, Plaintiffs point to allegations about "***Cummins*** fraudulently obtain[ing] COCs" ***from regulators***. Pl. Opp., p. 16 (emphasis added) (citing CAC, ¶¶ 106, 108).  This, of course, says nothing about ***FCA US***, or what it "actively concealed" ***from consumers***.  And, while Plaintiffs argue FCA US also "'actively conceal[ed]' material facts … from regulators," they never specify what FCA US concealed, or when or how they concealed it. *Id.*

*Third*, Plaintiffs point to FCA US's alleged concealment of the fact that a recall would (i) be necessary to make the trucks comply with emissions standards but (ii) negatively affect the Class Trucks' performance.  Opp., p. 16 (citing CAC, ¶ 251).  What the CAC actually alleges is that FCA US concealed "the fact [that it] knew" such facts.  CAC, ¶ 251.  But, Plaintiffs plead no facts showing FCA US knew such facts ***at the time of Plaintiffs' respective purchases***. *See* § II.C.5, *infra*.  And, FCA US could "not have fraudulently concealed a defect of which it did not have knowledge." *Hindsman v. Gen. Motors LLC*, 2018 WL 2463113, \*15 (N.D.Cal. 2018).

*Fourth*, Plaintiffs allege that, "***[o]nce EPA/CARB discovered the defeat devices***, FCA [US] concealed the negative impacts of Recall 67A." Pl. Opp., p. 16 (emphasis added) (citing CAC, ¶¶ 251, 266, 270, 390).  But EPA/CARB made this "discovery" after the Named Plaintiffs' purchases.

*Compare* CAC, ¶ 106, *with* Mot., p. 2. Thus, any alleged concealment also post-dated Plaintiffs' purchases, which says nothing about the relevant inquiry, *i.e.*, whether Plaintiffs alleged "[d]efendant actually concealed the purported defect from Plaintiff *at the time of purchase*." *Tomek v. Apple, Inc.,* 2013 WL 3872774, *5 (E.D.Cal. 2013) (emphasis added) (citation omitted) (dismissing omission claim on duty to disclose grounds)).

### 5.    *No Pre-Sale Knowledge Allegations (All Claims)*

Plaintiffs ask the Court to "infer" FCA US had pre-sale knowledge for three reasons. None suffices. *First*, Plaintiffs argue FCA US had knowledge because it is "a sophisticated entity" and "experienced diesel engine manufacturer" and thus "could easily detect the Defeat Devices." Pl. Opp., p. 17. In other words, Plaintiffs posit a new rule that *any* manufacturer should be presumed to have knowledge about *any* component purchased and incorporated into its products, even if it was not the one who manufactured that component.

*Second*, Plaintiffs argue FCA US had pre-sale knowledge because "[it] was designing and preparing to add its own Defeat Devices to [other vehicles]" "around the time that Cummins added the Defeat Devices to the first model year Class Trucks." *Id.* In other words, they argue that if a manufacturer installs a part in a vehicle, and a supplier ever provides a similar part at any future point, then a manufacturer should be presumed to have knowledge of any and every defect.

*Third*, Plaintiffs argue FCA US had pre-sale knowledge because it has "[a] long-standing intimate relationship" with Cummins, and "Cummins would not have risked its close, lucrative relationship with FCA [US] by installing the Defeat Devices without FCA [US]'s knowledge." *Id.* Under this proposed rule, *any* manufacturer that works with *any* supplier will always be presumed to know what that supplier knows—if the relationship meets these vague benchmarks.[13]

None of these proposed (and absurd) rules is the law, and Plaintiffs cite no authority to suggest otherwise. *Compare In re Chrysler-Dodge-Jeep Ecodiesel Marketing, Sales Practices, & Prods. Liab.*

---

[13]Plaintiffs also argue FCA US had pre-sale knowledge because of the EPA's January 12, 2017 "Notice of Violation" against FCA US, and FCA US's subsequent settlement with the DOJ. Pl. Opp., p. 17 (citing CAC, ¶¶ 3, 178-79)). But Plaintiffs do not make any allegations that either the Defeat Devices or vehicles involved in that action were similar to the alleged devices or vehicles at issue here. *Id.* Nor do they offer any authority suggesting these sorts of allegations otherwise suffice.

1  *Litig.*, 295 F.Supp.3d 927, 976-77 (N.D.Cal. 2018) (offering sufficiently specific allegations about the

2  individual defendants), *with* § II.C.1, *supra* (failing to distinguish between defendants).   In fact,

3  Plaintiffs entirely ignore FCA US's argument that a plaintiff cannot lump **unrelated** defendants

4  together for purposes of pleading pre-sale knowledge (*compare* Mot., pp. 12-13, *with* Pl. Opp., pp.

5  16-19) and thus waive response (*see* Note 3, *supra*).   Nor do Plaintiffs explain **why** they are unable

6  to differentiate between FCA US and Cummins with respect to their knowledge allegations, beyond

7  the conclusory allegation that "Defendants needed to maintain secrecy." Pl. Opp., pp. 16-18.

8          *6.      The California Unfair Competition Law ("UCL") (Count X)*

9          Plaintiffs say they have offered sufficient allegations to support their "unfair prong" claim.  But

10  all they do is recite the law's elements. *Id.* at p. 16 (citing CAC, ¶ 372).  This is not enough.  *See Casey*

11  *v. Gen. Motors, LLC*, 2021 WL 5417041, *6 (S.D.Cal. 2021) (dismissing claim); *Milman v. FCA U.S.,*

12  *LLC*, 2019 WL 3334612, *8 (C.D.Cal. 2019) (same).[14]   Plaintiffs likewise offer only conclusory

13  allegations to suggest they plead lack of an adequate remedy at law.  *See* Mot., p. 17 (citing CAC, ¶

14  380).  But again, more is required.  *See May v. Google LLC*, 2024 WL 4681604, *11 (N.D.Cal. 2024)

15  (dismissing "unfair" prong claim on grounds that plaintiff "failed to plead any **facts** as to why the

16  damages she seeks … are inadequate" (emphasis added)).[15]   To the extent FCA US has moved to

17  dismiss the UCL claim on "derivative arguments," Plaintiffs direct the court to its briefing on the fraud-

18  based claims (Pl. Opp., pp. 8-19), and thus FCA US does as well (Mot, pp. 10-17; § II.C, *supra*).

19  **D.     The Express Warranty Claims (Counts V, VI, and IX)**

20          *1.      Failure to Allege Exact Terms of Warranties (Counts V, VI, IX)*

21          Plaintiffs agree they must allege **the exact terms** of a warranty to state an express warranty

22  claim.  *Compare* Mot., pp. 17-18, *with* Pl. Opp., pp. 20-21.  They say their allegations suffice.  *Id.*

23  But courts have routinely held similar allegations do **not** plead "the exact terms" of the supposedly-

24  breached warranty.  *See* Mot., pp. 17-18 (citing cases).  And, Plaintiffs' allegations are even thinner.

25          [14]*Regueiro v. FCA US, LLC*, 671 F.Supp.3d 1085, 1098 (C.D.Cal. 2023), which held a UCL
26  "unfair" prong claim should not be dismissed at the pleadings stage, is an outlier.  *See supra.*

27          [15]Plaintiffs' case does not address this requirement.  *See Johnson v. Trumpet Behav. Health,*
*LLC*, 2022 WL 74163, *3 (N.D.Cal. 2022) ("[Defendants argue] for dismissal [on grounds] that the
plaintiffs must plead facts illustrating why they lack adequate remedies at law … I do not address
28  [this] [] argument.") (cited in Pl. Opp., p. 20).

1  *Compare id.*, *with* Pl. Opp., p. 20 (citing CAC, ¶ 299)). To argue otherwise, Plaintiffs cite *Hastings*

2  *v. Ford Motor Co*., 495 F.Supp.3d 919, 924 (S.D.Cal. 2020), but *Hastings* focuses on whether a

3  plaintiff is required to allege ***reliance*** on a particular warranty term, ***not*** whether Plaintiffs are

4  required to ***identify*** a particular warranty term and specify precisely how it has been breached. *Id.*

5  These are distinct inquiries, and Plaintiffs conflate them. *See Cho v. Hyundai Motor Co., Ltd*., 636

6  F.Supp.3d 1149, 1173 (C.D.Cal. 2022) ("Defendants argue that Plaintiffs' claim for breach of

7  express warranty fails ***for two reasons***: first, Plaintiffs have not sufficiently identified the terms of

8  the applicable warranty; and second, Plaintiffs have not alleged facts demonstrating they relied on

9  the warranty." (emphasis added) (footnote omitted)).

10       Plaintiffs also suggest—in a series of parentheticals in a footnote—that "FCA [US]'s cases

11  are inapposite." Pl. Opp., p. 21 n.17. But the allegations in these cases—where the courts found

12  express warranty claims were inadequately pled—are the same sort levied here. For instance,

13  Plaintiffs say in *Kargar v. BMW of N. Am., LLC*, 2024 WL 3915218 (C.D.Cal. 2024), the plaintiffs

14  "alleg[ed] only the existence of 'various warranties.'" Pl. Opp., p. 21 n.17. But the *Kargar* Plaintiffs

15  actually ***attached the warranty at issue to their complaint***—something Plaintiffs here did not do—

16  and even that was not enough to state a claim because "Plaintiff …. [did] not direct the Court to any

17  provisions of this warranty" or "allege how these specific provisions were breached." 2024 WL

18  3915218, *2 (dismissing claim).[16]

19      **2.**    ***Failure to Allege Reliance Upon Warranties (Counts V, VI, IX)***

20       FCA US argued that Plaintiffs' warranty claims fail for lack of reliance. Mot., p. 18.

21  Plaintiffs respond by citing ***one case***, *In re Nexus 6P Prods. Liab. Litig.* ("*Nexus*"), 293 F.Supp.3d

22  888, 916 (N.D.Cal. 2018), to argue that the "***majority*** position" is that a plaintiff need no longer

23  allege reliance to state an express warranty claim. Pl. Opp., p. 21 n.18. Plaintiffs then cite ***two cases***

24  that "go the other way." *Id.* But, the Court need not resolve any split here because, reliance aside,

25  "Plaintiffs cannot state a claim for breach of express warranty in the absence of allegations that they

26  

27      [16]Plaintiffs also do not respond to FCA US's argument that a plaintiff must also plead ***how the***

    ***warranty was breached*** (*compare* Mot, p. 17, *with* Pl. Opp., pp. 20-21) and thus waive it (*see* Note

28  3, *supra*). This provides a separate, independent basis for dismissal.

were at least **exposed** to them." *Cho*, 636 F.Supp.3d at 1174 (emphasis added)).  Plaintiffs admit they have not pled exposure but suggest their allegations that they "'conducted extensive research [and] review[ed] information on Defendants' websites' plausibly impl[ies] reliance on warranty information contained therein." Pl. Opp., p. 21.  Yet, nothing in these paragraphs suggests Plaintiffs viewed anything on "Defendants' websites" that contained any warranty information, and Plaintiffs do not explain why looking at FCA US's website automatically "implies" otherwise.  *See* CAC, ¶¶ 12, 18, 24, 30, 36, 42, 48, 55, 61, 67, 186 (cited in Pl. Opp., p. 21); *see also* § II.C.2, *supra*.

In a final effort to save their claims, Plaintiffs argue "reliance can be based on 'representations made by the manufacturer in ... advertising material.'"  Pl. Opp., p. 21.  Maybe.  But the CAC makes clear that the warranty claims pled here are based on the manufacturer-issued written warranties that came with the Class Trucks, ***not*** any "advertising material."  *See* CAC, ¶¶ 292-332, 349-59.

### 3.     Failure to Repair/Conform (Counts V, VI and IX)

The Plaintiffs who actually allege presentment offer no more than conclusory, identical allegations their "Class Truck received the emissions recall."  *See* CAC, ¶¶ 16, 22, 28, 34, 40, 53, 59, 65, 71 (cited in Pl. Opp., p. 22).  As FCA US explained, this is not enough. Mot., pp. 18-20.

Recognizing as much, Plaintiffs now argue a futility exception.  But courts have been clear that neither the UCC nor Song-Beverly recognizes one.  *See Pereda v. Gen. Motors LLC*, 2022 WL 19975388, *13 (N.D.Cal. 2022) (UCC); *Arakelian v. Mercedes-Benz USA, LLC*, 2018 WL 6422649, *3 (C.D.Cal. 2018) (Song-Beverly).  None of Plaintiffs' cases suggest otherwise. *Johnson v. Nissan N. Am., Inc*., 2018 WL 905850 (N.D.Cal. 2018) examined whether there is a futility exception to the MMWA's exhaustion requirement.  *Id.* at **3-4.  *Gertz v. Toyota Motor Corp.*, 2011 WL 3681647 (C.D.Cal. 2011) considered whether calling a dealership about a problem, rather than physically bringing a vehicle in, satisfied the (UCC) presentment requirement, but says nothing about futility. *Id.* at *3. And, *In re MyFord Touch Consumer Litig*., 46 F.Supp.3d 936 (N.D.Cal. 2014) ***declined*** to recognize a futility exception.  *Id.* at 970-71.  Only *Benkle v. Ford Motor Co.*, 2017 WL 9486154, *12 (C.D.Cal. 2017) (an outlier) comes close to supporting Plaintiffs' position.  Still, it is distinguishable because here, unlike in *Benkle*, "[the CAC does not include allegations as to the

1  manner in which [FCA US] would act to repair Class Vehicles if they were presented for repair."

2  *Compare In re ZF-TRW ACU Prods. Liab. Litig.*, 601 F.Supp.3d 625, 803 (C.D.Cal. 2022), *with*

3  CAC, ¶¶ 292-332, 349-59.  "Absent any such allegations … there is not a sufficient … [allegation

4  of] futility." *ZF-TRW*, 601 F.Supp.3d at 803 (distinguishing *Benkle*, declining to apply exception).[17]

5          Plaintiffs also argue their allegations about "the ongoing unavailability of an adequate fix"

6  pleads a failure of essential purpose exception.  *Id.* at p. 22.  But, as Plaintiffs' own case shows,

7  "[t]he Ninth Circuit has held … [a] fail[ure] of its essential purpose [exception applies] only if

8  ***repeated*** repair attempts are unsuccessful within a reasonable time." *MacDougall v. Am. Honda*

9  *Motor Co.*, Inc., 2023 WL 9687349, *11 (C.D.Cal. 2023) (emphasis added).  Here, no Named

10  Plaintiff has sought more than one repair.  Pl. Opp., p. 22.  Thus, the exception does not apply.

11          **4.     *Failure to Plead Notice (Counts V)***

12          Plaintiffs do not argue they have satisfied the UCC's notice requirement, only that it does not

13  apply "against manufacturers with whom they have not dealt."  Pl. Opp., pp. 22-25.  But, their

14  allegations show they have "dealt" with FCA US for purposes of the notice requirement by receiving

15  a warranty directly from FCA US (Mot., p. 17) and purchasing a vehicle from an authorized dealer (*id.*

16  at p. 2).  Both suffice.  *See Alves v. Mercedes-Benz USA, LLC*, 2023 WL 5207492, *7 (C.D.Cal. 2023)

17  (warranty); *Banh v. Am. Honda Motor Co., Inc.*, 2019 WL 8683361, *10 (C.D.Cal. 2019) (purchase

18  from dealer).  Thus, the notice requirement applies, and Plaintiffs fail to plead it.

19  **E.     The Implied Warranty Claims (Counts VII and VIII)**

20          **1.     *The Vehicles Are Merchantable (Counts VII and VIII)***

21          Plaintiffs do everything but acknowledge the simple, clear holding in *Benipayo v.*

22  *Volkswagen Grp. of Am., Inc.*, 2020 WL 553884, *5 (N.D.Cal. 2020) that "regulatory violations do

23  not necessarily establish unmerchantability."  2020 WL 553884, *5 (N.D.Cal. 2020).[18]  Nor does it

24  matter *when* a government determined that a vehicle violated regulations, as FCA US's other cases

25  make clear.  *Compare* Mot., pp. 20-21 (citing cases), *with* Pl. Opp., pp. 23-24 (ignoring cases).

26          [17]Plaintiffs suggest *Arakelian* and *Pereda* "recogniz[ed] [that] futility may provide [an]
27  exception" (Pl. Opp., p. 22), but as discussed above, this is simply false.

28          [18]Plaintiffs also argue *Benipayo* is inapposite since it was decided at summary judgment, but
*Swearingen*, which Plaintiffs ignore, was decided at the pleadings stage.  *Id.*

1    Likewise, Plaintiffs ignore straightforward language from *Benipayo* that "mislabeling alone cannot

2    render a product unmerchantable." 2020 WL 553884, *4. Instead, they suggest *Riley v. Volkswagen*

3    *Grp. of Am., Inc.*, 2022 WL 17829997, *1 (9th Cir. 2022) left the door open to this possibility. Pl.

4    Opp., p. 20. But, as the language Plaintiffs omit from *Riley* makes clear, mislabeling—say, in an

5    "owner's manual" or window "sticker"—"may be relevant to express warranty claims, but neither has

6    anything to do with … establishing a breach of implied warranty." 2022 WL 17829997, *1.

7        ### 2.    No Privity (Counts VII and VIII)

8        Plaintiffs acknowledge vertical privity is required but argue that a third-party beneficiary

9    exception applies. Pl. Opp., p. 23. Yet, this District recently held that there is no such exception.

10   *See Smith v. Intel Corp.*, 2024 WL 3834706, *9 (N.D.Cal. 2024) (cited in Mot., p. 21). Plaintiffs

11   acknowledge this decision but argue that it "is the minority and less well-reasoned position." Pl.

12   Opp., p. 24. *Smith*, however, is but the latest in a well-reasoned line of cases holding California

13   does not recognize the exception.[19] These cases are based upon *Clemens v. DaimlerChrysler Corp.*,

14   534 F.3d 1017 (9th Cir. 2008), which exhaustively listed exceptions to the privity rule, none of

15   which involved the third-party beneficiary exception, and then "declin[ed] [an] invitation to create

16   a new exception." *Id.* at 1023-24. Plaintiffs' contrary cases rely largely upon an erroneous reading

17   of a single, half-century old state appellate court decision, *Gilbert Fin. Corp. v. Steelform Contracting*

18   *Co.*, 82 Cal.App.3d 65 (Cal.App. 1978). But, as this District has noted, "[n]o reported California

19   decision has held that the purchaser of a consumer product may dodge the privity rule by asserting

20   that he or she is a third-party beneficiary of the distribution agreements linking the manufacturer to

21   the retailer who ultimately made the sale." *Xavier*, 787 F.Supp.2d at 1083.[20] And, even those courts

22   that have wrongly held a third-party beneficiary exception is available have found that conclusory

23

24      [19]*Quackenbush v. Am. Honda Motor Co., Inc.*, 2023 WL 187491, *3 (N.D.Cal. 2023); *Watkins*
     *v. MGA Ent., Inc.*, 574 F.Supp.3d 747 (N.D.Cal. 2021); *Mandani v. Volkswagen Grp. of Am., Inc.*,

25   2019 WL 652867, *6 (N.D.Cal. 2019); *In re Seagate Tech. LLC Litig.*, 233 F.Supp.3d. 776, 785-87
     (N.D.Cal. 2017); *Gonzalez v. Mazda Motor Corp.*, 2017 WL 345878, *3 (N.D.Cal. 2017); *Xavier v.*

26   *Philip Morris USA Inc.*, 787 F. Supp. 2d 1075, 1083 (N.D.Cal. 2011).

27      [20]*See, e.g., Corbett v. Pharmacare U.S., Inc.*, 544 F.Supp.3d 996, 1011 (S.D.Cal. 2021);
     *Gonzalez*, 2017 WL 345878, *3; *Shay v. Apple Inc.*, 2021 WL 1733385, *7 (S.D.Cal. 2021); *Stewart*
     *v. Electrolux Home Prods., Inc.*, 304 F.Supp.3d 894, 915 n.10 (E.D.Cal. 2018); *Williams v. Yamaha*

28   *Motor Corp., U.S.A.*, 2015 WL 13626022, *6 n.8 (C.D.Cal. 2015).

---

14

allegations, like those offered here, do not suffice.  *Compare Neu v. FCA US LLC*, 2023 WL 10406710, *3 (C.D.Cal. 2023), *with* CAC, ¶¶ 332, 345.

### *3.*     *Failure to Plead Notice (Count VII)*

Plaintiffs' notice argument fails for the same reasons discussed above.  *See* § II.D.4, *supra*.

### F.    The Unjust Enrichment Claim (Count XI)

*Rule 9(b)*:  Plaintiffs respond to FCA US's Rule 9(b) argument for their ***fraud-based*** claims but ignore it for their unjust enrichment claim (*compare* Mot., p. 22, *with* Pl. Opp., pp. 8-10, 25) and thus waive response (*see* Note 3, *supra*).  Nevertheless, it fails.  *See* Cummins Reply, pp. 6-7.

*Not a Standalone Claim*:  California law is still unsettled as to whether unjust enrichment is a standalone claim.  *See Hammerling v. Google, LLC*, 2024 WL 937247, *3 n.3 (9th Cir. 2024).  But first, third, and sixth appellate districts—where the Named Plaintiffs reside (CAC, ¶¶ 11, 17, 23, 29, 35, 41, 47, 54, 60, 66)—have held that unjust enrichment is ***not*** a standalone cause of action under California law.  *Moores v. Irish Beach Water Dist.*, 2021 WL 5577152, *27 (Cal.App. 2021) (1st); *Dep't of Water Res. v. Sunrise Power Co., LLC*, 2019 WL 5688988, *15 (Cal.App. 2019) (3d); *Rutherford Holdings, LLC v. Plaza Del Rey*, 166 Cal.Rptr.3d 864, 872 (Cal.App. 2014) (6th).

*Express Contract Bars Claim*:  Plaintiffs cite *Takeya USA Corp. v. PowerPlay Mktg. Grp., LLC*, 2022 WL 17357781, *17 (C.D.Cal. 2022) to argue they can simultaneously plead contract and unjust enrichment claims, but *Takeya* requires a plaintiff "***allege 'in that cause of action that the express contract is void or was rescinded*.'"** *Id.* at *17 (emphasis added) (cited in Pl. Opp., p. 25.) Plaintiffs do not do this.  *See* CAC, ¶¶ 382-93.  Thus, even their own authority supports dismissal.

*Adequacy Of Remedies*:  Plaintiffs cite *Lomeli v. Jackson Hewitt, Inc.*, 2018 WL 1010268, *7 (C.D.Cal. 2018), but it did not involve an unjust enrichment claim.  Pl. Opp., p. 25.  FCA US is arguing that the CAC does not explain ***why*** monetary damages would not provide Plaintiffs the relief they seek.  Mot., pp. 22-23.  And Plaintiffs' Opposition leaves this question unanswered.

### III.  CONCLUSION

For the reasons stated herein, FCA US respectfully requests this Court dismiss Plaintiffs' Consolidated Amended Class Action Complaint in its entirety and with prejudice.

1    DATED:  December 20, 2024          **KLEIN THOMAS LEE & FRESARD**

2                                       By: _/s/ Kristyn Wong_____
                                           Stephen A. D'Aunoy
3                                          Thomas L. Azar, Jr.
                                           Gregory P. Gilmer
4                                          Kristyn Wong

5                                       *Attorneys for Defendant FCA US LLC*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16

1

<u>**CERTIFICATE OF SERVICE**</u>

2

I hereby certify that on December 20, 2024, I electronically filed the foregoing document

3

using the CM/ECF system which will send notification of such filing to the e-mail addresses

4

registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

5

6

*/s/  Kristyn Wong*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FCA US LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFFS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**